In re **TEXAS GENERAL PETROLEUM CORPORATION, Debtor.**

The **LIQUIDATING TRUST OF TEXAS GENERAL PETROLEUM CORPORATION, Plaintiff,**

v.

**McFARLAND & TONDRE, Van E. McFarland, II and Brice A. Tondre, Defendants and Third–Party Plaintiffs,**

v.

**Joseph M. HILL, Trustee of the Estate of W.E. Bosarge, Jr., Third–Party Defendant.**

Bankruptcy No. 83–01132–H3–5.
Adv. No. 85–0838–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 23, 1990.

See also 58 B.R. 357.

Leonard J. Meyer, Houston, Tex., for plaintiff.

Joseph M. Hill, Houston, Tex., trustee and third-party defendant.

Rhett G. Campbell, Morris & Campbell, Houston, Tex., for defendants and third-party plaintiffs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LETITIA Z. CLARK, Bankruptcy Judge.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

1. On March 14, 1983, Texas General Petroluem Corporation, the Debtor, filed a petition for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Texas, Houston, Texas.

2. After the filing by Texas General Petroleum Corporation of its petition for relief, a Chapter 11 liquidating plan of reorganization was proposed by Debtor, and confirmed by this court.

3. A plan of reorganization, in confirmed form, functions like a contract as the debtor and all creditors are bound by the plan. 11 U.S.C. § 1141; *See, e.g., In re*

*White Farm Equipment Co.*, 38 B.R. 718 (Bankr.N.D.Ohio 1984).

4. The plan provided for transfer of various assets of the Debtor, including certain causes of action, to a liquidating trust, which was to be disbursed for the benefit of unsecured creditors, and provided that certain other assets would not be transferred. The particular asset in question here is not specifically addressed in the plan. McFarland & Tondre, Van E. McFarland, II and Brice A. Tondre contend that it was not transferred, and thus that plaintiff herein lacks standing.

5. Having heard the testimony and other evidence presented, the court concludes that this defense derives from inartful drafting and the question becomes one of intent.

6. It now appears that there existed, even prior to confirmation of the plan of reorganization of Texas General Petroleum Corporation, certain causes of action by virtue of 11 U.S.C. §§ 547 and 548, which causes of action were not addressed in Exhibit "B" to the confirmed plan (which contained a description of assets of the Liquidating Trust created by the plan), nor in Exhibit "F" of the confirmed plan (which contained a description of assets retained by the reorganized debtor).

7. In particular, according to the credible testimony of attorney Sterling Minor, a participant in the plan drafting, the wrongful payments asserted by the adversary plaintiff against the adversary defendants in this proceeding were believed, at the time of the drafting of the plan, to give rise to a cause of action thought to be a § 547 action.

8. It is now clear that at the time of drafting of the plan, none of the parties to the plan understood that the relationship between the present Debtor and its predecessor and affiliate corporations might make it difficult or impossible to bring § 547 actions against certain defendants. This problem derives from the fact that the entity that paid McFarland & Tondre, Van E. McFarland, II and Brice A. Tondre, was not the entity billed by McFarland & Tondre, Van E. McFarland, II and Brice A.

Tondre. Thus, the appropriate action lay in 11 U.S.C. § 548, not 11 U.S.C. § 547. The action now is regarded by the parties as not a simple cash preference (§ 547) because the antecedent debt was actually not owed by the present Debtor. Thus, the cause of action could only be brought as a fraudulent transfer under § 548.

9. None of the parties to the plan of reorganization thought to address what entity would receive what can be referred to as "the rest, residue and remainder" of the causes of action not specifically addressed by the plan as passing to the liquidating trust or remaining with the Debtor.

10. It is clear from the testimony of Dan Johnston, a credible witness for the adversary plaintiff and a participant in the plan drafting, that not all existing causes of action were addressed in Exhibits "B" and "F" to the plan of reorganization. His testimony further demonstrated that the causes of action that were wanted by Marine Midland Bank, the principal secured creditor, were very specific, and that the action against the adversary defendants in this proceeding was not one sought by Marine Midland Bank.

11. Accordingly, this court must determine where the remaining causes of action not specifically addressed by the plan of reorganization, fell.

12. To determine the intent of the participants in the plan, this court finds that the parol evidence rule does not here require exclusion of the testimony of Johnston and Minor. The parol evidence rule is not and does not purport to be, a rule of interpretation. It is a rule of substantive contract law and not a rule of evidence which is exclusionary. *Corbin on Contracts*, §§ 573, 579. Where a writing is ambiguous, and the court here determines that the plan and corresponding order are ambiguous with regard to the subject dispute, the court will hear how the parties contend a writing should be interpreted, which process includes oral testimony. *Corbin on Contracts*, §§ 554A–554C, 579 Supplement. The meaning to be discovered and applied is that which each party had

reason to know would be given to the words by the other party. *Corbin on Contracts*, § 579. The evidence admitted on the meaning of the plan need not and does not here vary or contradict the terms of the plan, but is an aid to the court in interpreting the meaning that each party knew would be attributed to it.

■ 13. The court concludes that the intent of the Debtor as a party to the plan of reorganization was to retain specific causes of action for specific and rather ignoble purposes, such as to protect the chief executive officer of the corporate Debtor from suit.

14. Based upon the evidence presented in the testimony of Dan Johnston and Sterling Minor, witnesses for the plaintiff, and upon this court's construction of the grammar of the contested plan language, and upon the court's findings as to the intent of the parties to the plan, the court concludes that the "rest, residue, and remainder" of the existing causes of action not specifically addressed by the plan, including all preference and fraudulent transfer actions not specifically addressed, were to fall to the Class 5 Creditors. These creditors in any event were never going to be paid one hundred cents on the dollar, and were taking whatever causes and other assets the Debtor and Marine Midland Bank were not insisting on having.

15. The court concludes that paragraph 7.1 of the confirmed plan of reorganization and order confirming plan, can be interpreted to include all of those actions described, created and sanctioned in §§ 542 through 553 of the Bankruptcy Code. More particularly, this court concludes that paragraph 7.1 of the confirmed plan and order confirming plan reflect the intent of the parties to the plan that they contemplated conveyance to or retention by the Liquidating Trust of all of those causes of action, even if they did not manage to express that intent in a precisely articulate manner in paragraph 5.5.3 of the confirmed plan.

16. The court concludes that it was the intent of all the parties to the confirmed plan of reorganization of the Debtor, at the time the agreements underlying the plan were made, at the time the plan was drafted, and at the time the plan was confirmed, that the remaining, then existing causes of action not specifically addressed by the plan fell to the creditors described as "Class 5 Creditors" in the plan of reorganization, and thus to the Liquidating Trust.

17. The court having previously found the plan language unclear on this point, and parol evidence proper to be considered, the court finds that the intent of the parties was that the Liquidating Trust established by the plan of reorganization receive all the residue and remainder of causes of action existing at the time of plan confirmation which were not specifically allocated to the reorganized Debtor or to Marine Midland Bank. The court also finds that the parties inartfully intended the term "cash preferences" identified in Exhibit "B" to the plan to include the avoidance of fraudulent transfer actions addressed in 11 U.S.C. § 548.

18. Accordingly, the adversary plaintiff, the Liquidating Trust of Texas General Petroleum Corporation, and its court appointed Trustee, Steven A. Leyh, has standing to assert the cause of action described in its second amended complaint, under 11 U.S.C. § 548, against the adversary defendants, and the adversary plaintiff is the owner of the cause of action.

19. Pursuant to the "Stipulation" filed March 31, 1989 and executed by the parties to this proceeding, plaintiff is entitled to recover from and be awarded a judgment in his favor against defendants in the amount of $12,210.25, the sum sought to have been recovered by plaintiff pursuant to 11 U.S.C. § 548, in plaintiff's Second Amended Complaint. (Docket No. 174.)

■ 20. The underlying facts which formed the basis of this action, and the Stipulation, addressed the Debtor's transferring to defendants, McFarland & Tondre, Van E. McFarland, II and Brice A. Tondre, an interest in the Debtor's property, namely cash, in the form of a payment from Debtor's operating account funds in the sum of $12,210.25, in February, 1983, in

**310**

response to an invoice to W.E. Bosarge, Jr., for services to him. The transfer was within one year of March 14, 1983, when Debtor filed Bankruptcy. Bosarge was, among other titles, President of Debtor at the relevant time.

21. As a result of the Stipulation of March 31, 1989, the court need make no further findings of fact with regard to the elements which constitute a § 548 fraudulent transfer action.

22. The § 548 action of the Liquidating Trust of Texas General Petroleum Corporation against defendants, McFarland & Tondre, Van E. McFarland, II and Brice A. Tondre, is not barred by any applicable statute of limitations or the doctrine of laches.

23. The Liquidating Trust of Texas General Petroleum Corporation, through its Trustee, Steven A. Leyh, is entitled to avoid the fraudulent transfer found by this court, and is entitled to the relief prayed for in the plaintiff's second amended complaint.